FILED

**NOT FOR PUBLICATION**

AUG 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR GABRIEL GONZALEZ, | No. 13-72340 |
| Petitioner, | |
| v. | Agency No. A095-013-211 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Edgar Gabriel Gonzalez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Nunez-Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir. 2011) (en banc), and we deny the petition for review.

The agency correctly concluded that Gonzalez's California Health & Safety Code § 11550(a) conviction remains a conviction for immigration purposes. Gonzalez's contention that the dismissal of his conviction under California Penal Code § 1203.4 eliminates the immigration consequences is foreclosed by our decision in *Nunez-Reyes*, 646 F.3d at 695 ("Being under the influence is not a lesser crime than simple possession" and "is not a possession crime at all, and it is thus qualitatively different from any federal conviction for which [Federal First Offender Act] treatment would be available."). Gonzalez's contention that the relevant portion of *Nunez-Reyes* should not apply retroactively is also foreclosed by the decision itself. *See id.* at 695 & n.7.

It follows that Gonzalez failed to establish a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

**PETITION FOR REVIEW DENIED.**

13-72340